**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

S.L., a minor, by and through his
guardian and next friend, K.L., et al,

      Plaintiffs,                                            Case No.: 1:07-cv-986

      v.                                                    Judge Michael R. Barrett

Pierce Township Board of Trustees, et al,

      Defendants.

**<u>OPINION & ORDER</u>**

This matter is before the Court on a supplemental briefing ordered by this Court. (Doc. 154, 7.)[1] In response to this Order, Plaintiffs filed a Supplemental Memorandum Opposing Defendant DelGrande's Motion for Reconsideration (Doc. 156), and Defendant DelGrande responded with a Supplemental Reply in Support of Motion for Reconsideration (Doc. 157).  This matter is ripe for review, and the Court summarizes its decision below.  Further explanation of the rather complex procedural posture of this matter requires a review of the relevant background facts.

**I.    Background**

    **A.    Relevant Facts**

Plaintiffs in this case are S.L., a minor child, and his father and sole guardian, K.L.[2] (Doc. 62 ¶¶ 1, 3.)  The remaining Defendants are Officer David K. Homer ("Officer Homer"), a police officer with the Pierce Township Police Department, and Thomas G.

---

[1] All Court document citations are to Docket Entry numbers.

[2] K.L. has custody of S.L.  He is divorced from S.L.'s mother.  (Doc. 62 ¶¶ 3, 45.)

DelGrande ("Superintendent DelGrande"), the Superintendent of the Clermont County Juvenile Detention Center ("Detention Center"). (Doc. 62 ¶¶ 10, 14.) The most relevant former Defendants, both of whom have been dismissed from this case, include Judge Stephanie Wyler ("Judge Wyler"), judge of the Juvenile Division of the Clermont County Common Pleas Court, and Corrections Officer Edward S. Bartley ("Officer Bartley"), the "Youth Leader" and intake detention clerk of the Detention Center. (Doc. 62 ¶¶ 11, 16.) Superintendent DelGrande was Officer Bartley's immediate supervisor. (Doc. 114, 3.)

On the evening of December 4, 2006, Officer Homer was dispatched to the home of S.L.'s mother. (Doc. 62 ¶¶ 10, 21.) She reported to Officer Homer that she had discovered two burnt Popsicle sticks in S.L.'s bedroom. (Doc. 62 ¶ 22.) There was no damage to the residence or to any other property. (Doc. 62 ¶¶ 25, 26.) Acting without a warrant, Officer Homer placed S.L. under arrest for aggravated arson, a first-degree felony. (Doc. 62 ¶ 35.) Plaintiffs allege that Officer Homer lacked probable cause and that his actions were the result of inadequate training. (Doc. 62 ¶¶ 36, 37, 42.)

Instead of being released to his father, S.L. was brought to the Detention Center and turned over to former Defendant Officer Bartley. (Doc. 62 ¶¶ 16, 43–46.) Officer Bartley prepared a risk assessment sheet and a detention report during the intake process. (Doc. 62 ¶¶ 91–94; Doc. 62-2; Doc. 62-3.) Officer Homer then prepared a complaint to charge S.L. as a delinquent child based on the felony charge of aggravated arson. (Doc. 62 ¶ 47.)

Officer Bartley signed the jurat to the complaint under the putative authority of Judge Wyler as judge and Ex Officio Clerk of the Clermont County Juvenile Court

("Juvenile Court").[3] (Doc. 62 ¶ 49.) In so doing, Officer Bartley declared and represented that the complaint was sworn to before him. (Doc. 62 ¶ 50; Doc. 62-1.) However, Plaintiffs allege that Officer Bartley never administered any oath to Officer Homer and that Officer Bartley had never been granted authority to administer oaths. (Doc. 62 ¶¶ 50, 54.)

Plaintiffs additionally allege that it is the official policy, custom, and practice of Superintendent DelGrande to allow unauthorized individuals to administer oaths in support of complaints against juveniles. (Doc. 62 ¶ 58.) They also claim that Officer Bartley lacked adequate training, thereby constituting deliberate indifference to the rights of those who come into contact with the staff of the Detention Center and the Juvenile Court. (Doc. 62 ¶ 60.) They further state that it is official policy, custom, and practice of the Detention Center and Superintendent DelGrande for officers to indicate false reasons for detention, as was allegedly done in S.L.'s case. (Doc. 62 ¶¶ 70–72, 74.)

Plaintiffs further allege that S.L.'s detention was the result of the official policy, custom, and practice of the Detention Center and Superintendent DelGrande to authorize arrest and detention of juveniles charged with first or second-degree felonies. (Doc. 62 ¶¶ 90–95; Doc. 62-3.) As Plaintiffs state, "because the charge against S.L. was a first-degree felony (notwithstanding the lack of probable cause or the issuance of an arrest warrant)," Superintendent DelGrande's official policy resulted in S.L.'s detention at the Detention Center. (Doc. 62 ¶ 95.)

---

[3] The Ohio Supreme Court states that a "jurat," "is employed to designate the certificate of a competent administering officer that a writing was sworn to by the person who signed it. It is no part of the oath, but is merely evidence of the fact that the oath was properly taken before the duly authorized officer." *Stern v. Bd. of Elections of Cuyahoga County*, 237 N.E.2d 313, 317 (Ohio 1968) (internal citations omitted). See Doc. 62-1 to view the complaint and associated jurat.

3

Some additional facts relating solely to Superintendent DelGrande are relevant here. As Ex Officio Clerk for the Juvenile Court, Judge Wyler had administrative oversight duties over the Detention Center. As such, she appointed Superintendent DelGrande to be the Detention Center superintendent in November 2003. (Doc. 101, 8–9; Doc. 132, 1.)

Superintendent DelGrande was responsible for the daily operations of the Detention Center, and he annually reviewed all Detention Center policies and procedures. (Doc. 101, 51; Doc. 106, 91–92.) He was also responsible for implementing all training of Detention Center employees and for ensuring that all minimum training criteria were met. (Doc. 101, 52; Doc. 106, 27.) Accordingly, Superintendent DelGrande was responsible for Officer Bartley's training. (Doc. 106, 42; Doc. 106-1, 3.) Judge Wyler signed off on the policies and procedures implemented by Superintendent DelGrande, but she did not have a role in crafting those procedures. Judge Wyler generally left that duty to Superintendant DelGrande. (Doc. 101, 51–52.)

The heart of Plaintiffs' claim is that as superintendent of the Detention Center, DelGrande "bears responsibility for the policies, process, procedures, and various training activities that are implemented or utilized," and that he "failed to adequate[ly] train [Detention Center] employees regarding juveniles' constitutional rights and demonstrated a deliberate indifference to the need for such training." (Doc. 114, 4.)

## B.    Procedural History

On February 12, 2010, Superintendant DelGrande filed a motion for summary judgment (Doc. 102). After he additionally filed a reply in support of that motion (Doc. 117), a supplemental brief in support (Doc. 132), and a reply in support of the

4

supplemental brief (Doc. 141), this Court denied in part and granted in part his motion for summary judgment. (Doc. 143, 84.)

Plaintiffs originally brought three claims against Superintendant DelGrande: (1) an official-capacity, 42 U.S.C. § 1983 claim for violating S.L.'s Fourth Amendment rights; (2) a claim of negligent supervision under Ohio law; and (3) a loss-of-filial-consortium claim. (Doc. 143, 66.) The Court's prior Order (Doc. 143) granted summary judgment on the loss-of-filial-consortium claim but denied it on the § 1983 claim and the negligent-supervision claim. (Doc. 143, 84.) The Order also denied summary judgment based on Superintendant DelGrande's assertion that he was entitled to immunity from Plaintiffs' state-law claims under Chapter 2744 of the Ohio Revised Code. (Doc. 143, 80.)

Dissatisfied with this decision, Superintendant DelGrande filed a motion for reconsideration on March 22, 2011 (Doc. 145), which was followed by a reply in support (Doc. 151). The Court denied Superintendant DelGrande's motion for reconsideration, but it reserved judgment on one issue. (Doc. 154, 9.) In his motion for reconsideration, Superintendant DelGrande argued that the Court erred as a matter of law in not dismissing Plaintiffs' § 1983 claim. He maintained that because Officer Bartley did not violate any of S.L.'s constitutional rights, he cannot be liable under § 1983 for failing to train Officer Bartley. (Doc. 145, 7.) As the Court stated, Superintendant DelGrande raised this argument in his prior brief supporting his motion for summary judgment. (Doc. 154, 6; Doc. 132, 3–4). However, Superintendent DelGrande only raised this issue briefly, and he did not develop it fully or in any significant depth. (*See* Doc. 132, 3–4.) Despite Superintendent DelGrande's brief mention of this issue, the Court never

5

addressed it. (*See* Doc. 143, 66–82.) Thus, Superintendent DelGrande may be correct that the Court committed a clear error of law by "skip[ing] this crucial step in the analysis." (Doc. 145, 8.)

However, based on the briefs relative to Superintendent DelGrande's motion for reconsideration, the Court ruled that it was unable to address the issue properly without both sides developing it more fully. (Doc. 154, 6–7.) Therefore, the Court ordered Plaintiffs and Superintendent DelGrande to file supplemental briefs on the following issue: whether the Court made a clear error of law by denying Superintendent DelGrande summary judgment as to Plaintiffs' claim of a constitutional violation because Officer Bartley did not violate any of S.L.'s constitutional rights. (Doc. 154, 7.)

As previously indicated, Officer Homer and Superintendent DelGrande are the sole remaining Defendants in this case. The surviving claims against Superintendent DelGrande are, (1) an official-capacity, 42 U.S.C. § 1983 claim for violating S.L.'s Fourth Amendment rights[4]; and (2) negligent supervision under Ohio law. (Doc. 143, 84.) The current issue only relates to the § 1983 claim. Superintendent DelGrande did not move for summary judgment on the issue of negligent supervision, although the Court considered it briefly nonetheless, holding that the claim survived. (Doc. 143, 81.) Thus, regardless of the decision here, Plaintiffs' negligent-supervision claim remains pending, and Superintendent DelGrande will remain as a party to this case.

## II.  Legal Analysis

### A.  Legal Standard

Superintendent DelGrande's motion for reconsideration was brought under Rule

---

[4] Plaintiffs stipulate that the claims against Superintendent DelGrande are asserted against him in his official capacity only. (Doc. 140, 2.)

59(e) of the Federal Rules of Civil Procedure. (Doc. 145, 1.) The grant or denial of a Rule 59(e) motion, also known as a motion to alter or amend judgment, is within the informed discretion of the district court and is reversible only for abuse. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982); *see also U.S. ex rel. Snapp, Inc. v. Ford Motor Co.*, 618 F.3d 505, 511–12 (6th Cir. 2010). "A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (*quoting Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Only the question of a clear error of law is at issue here. (Doc. 154, 9.)

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (*quoting* 11 C. Wright & A. Miller, Federal Practice & Procedure § 2810.1, pp. 127–28 (2nd ed. 1995)); *see also Combs v. Retirement Plan for Hourly Employees of RAG Am. Coal Co.*, 42 F. App'x 776, 780 (6th Cir. 2002) (holding that Rule 59(e) is not an opportunity to present new arguments "that could have been raised before the district court's judgment").

Superintendent DelGrande brought his motion to reconsider upon denial of summary judgment. (Doc. 145, 1.) Therefore, the standard for summary judgment applies here as well.

B.     **Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party (here, Superintendent DelGrande) has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden of production, the non-moving party cannot rest on his or her pleadings, but must present significant probative evidence in support of his or her complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252.  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

C.     **Supplemental Briefs on Superintendent DelGrande's Motion for Reconsideration—Clear Error of Law**

The issue presently before the Court relates to Plaintiffs' official-capacity, 42 U.S.C. § 1983 claim brought against Superintendent DelGrande.  Specifically, the issue is whether the Court made a clear error of law by denying Superintendent DelGrande summary judgment as to this claim because Officer Bartley did not violate any of S.L.'s

8

constitutional rights. (Doc. 154, 7.) Superintendent DelGrande, in his supplemental brief on this issue (Doc. 157), argues that "Superintendent DelGrande, in his official capacity, cannot be held liable for a constitutional violation for failing to train a subordinate absent a constitutional violation committed by that subordinate." (Doc. 157, 1.) However, before the Court reaches this issue in earnest, it must consider the first argument Plaintiffs raise in their supplemental brief.

### 1. Procedural Posture

Plaintiffs begin their supplemental brief by pointing out that the Court must take proper notice of the procedural posture of this matter. (Doc. 156, 1.) Plaintiffs recognize that Superintendent DelGrande's motion for reconsideration came upon denial of summary judgment, and given the rule that a motion for reconsideration is not an opportunity to reargue a case, *Engler*, 146 F.3d at 374, the Court cannot consider "the relatively more-fully developed argument posited only in [Superintendent DelGrande's] Motion for Reconsideration." (Doc. 156, 2.) Superintendent DelGrande does not specifically address this issue in his supplemental brief. (*See* Doc. 157.)

The Court agrees with Plaintiffs' point here. As the Court stated in its Order on his motion to reconsider (Doc. 154, 3), binding precedent does not permit this Court to give Superintendent DelGrande a "do-over" in this case, and the Court will not consider arguments that it has already addressed or that could have been made previously, *see Exxon Shipping Co.*, 554 U.S. at 486 n.5. Superintendent DelGrande has had ample opportunity to present arguments to this Court. As was noted, he filed a motion for summary judgment (Doc. 102), a reply in support (Doc. 117), a supplemental brief in support (Doc. 132), and reply in support of that supplemental brief (Doc. 141). And

even though the Court has now ordered further supplemental briefs, these briefs are supplemental to a motion for reconsideration. Thus, the only issue before this Court is whether a clear error of law occurred based on the arguments Superintendent DelGrande presented in support of his motion for summary judgment. *See ACLU of Ky.*, 607 F.3d at 450. Any arguments falling outside these boundaries are improper and will not be considered.

### 2. The Court's Summary Judgment Order

As a result of this posture, determining whether the Court made a clear error of law requires analysis of the Order on Superintendent DelGrande's motion for summary judgment and of the arguments he made in support of that motion. Superintendent DelGrande now argues that he "cannot be held liable for a constitutional violation for failing to train a subordinate absent a constitutional violation committed by that subordinate." (Doc. 157, 1.) He made the same basic argument in support of his motion for summary judgment: "Superintendent DelGrande's supervisory liability is contingent upon a finding that Officer Bartley violated Plaintiffs' constitutional rights." (Doc. 132, 3.) As to whether Officer Bartley ever violated Plaintiffs' constitutional rights, this Court never reached that issue because it ruled that "Bartley's acts were quasi-judicial in nature, and he is protected from all claims by absolute, quasi-judicial immunity." (Doc. 143, 66.) The Court reached this result because Officer Bartley's duties of accepting the complaint against S.L. and of preparing a risk assessment were an inseparable part of the functioning of Judge Wyler's court. (Doc. 143, 64–65.)

### 3. Superintendent DelGrande's Burden on Summary Judgment

With this result in mind, Plaintiffs next argue that as part of Superintendent

10

DelGrande's motion for summary judgment, he "was obligated to not only develop the basis of his motion but, also, to identify those portions of the record demonstrating the lack of a genuine issue of material fact." (Doc. 156, 2.) Plaintiffs contend that because he has "failed to meet his initial burden on a motion for summary judgment" by only briefly raising the issue of whether Officer Bartley violated any of S.L.'s constitutional rights, "it cannot be said that the Court made 'a clear error of law' in not addressing the limit[ed], unsupported and cursory assertion in DelGrande's original motion for summary judgment and supplemental memorandum thereto." (Doc. 156, 3.)

In making this argument, Plaintiffs refer to familiar summary judgment rules. On a motion for summary judgment, the moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "'A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2010) (*quoting Celotex Corp.*, 477 U.S. at 323).

Superintendent DelGrande counters Plaintiffs' argument here by stating that he "clearly set out the standard for supervisory liability, stating that 'Superintendent DelGrande's supervisory liability is contingent upon a finding that Officer Bartley violated Plaintiffs' constitutional rights.'" (Doc. 157, 7) (*quoting* Doc. 132, 3). Up until now, the Court could not fathom how it had missed analyzing this issue, especially given how

11

vociferously and thoroughly Superintendent DelGrande raised this point in his motion to reconsider. However, upon closely reviewing his Supplemental Brief in Support of his Motion for Summary Judgment (Doc. 132), it is obvious why the Court did not address this issue—it was not properly raised.

Superintendent DelGrande only mentioned the point that his "supervisory liability is contingent upon a finding that Officer Bartley violated Plaintiffs' constitutional rights" within his larger argument that he was entitled to qualified immunity on Plaintiffs' constitutional claims. (Doc. 132, 2–3.) It was only in his argument for qualified immunity that he ever mentioned the issue now before the Court. However, Plaintiffs' response to Superintendent DelGrande's supplemental brief stipulated that "the claims against Defendant DelGrande are asserted against him in his official capacity only." (Doc. 140, 2.) As they stated, "Plaintiffs are not asserting the federal claim against Defendant DelGrande in his individual capacity. Thus, due to miscommunication between the parties or otherwise, a significant portion and basis of the Supplemental Memorandum is premised upon a perceived, though non-existent, posture of this case." (Doc. 140, 2) (internal citation omitted). Despite Plaintiffs' mention of "miscommunication," it is obvious that Superintendent DelGrande knew that Plaintiffs maintained an official-capacity § 1983 claim against him because he addressed that claim in his motion for summary judgment. (Doc. 102, 7.) Accordingly, the Court correctly reasoned that because qualified immunity is not available as a defense to an official-capacity claim, *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985), there was no need to address that issue or any of the arguments made under it. Furthermore, Superintendent DelGrande did not disabuse the Court of this conclusion by re-raising

the issue in his reply in support. That reply never mentions Plaintiffs' § 1983 claim, much less the issue of supervisory liability or whether Officer Bartley violated Plaintiffs' constitutional rights. It only concerned Plaintiffs' state-law claims. (Doc. 141, 2.) Therefore, Plaintiffs are correct in arguing that Superintendent DelGrande did not adequately raise, brief, or support the issue on summary judgment that he now seeks to reargue on reconsideration. (*See* Doc. 156, 3.)

To be sure of this result, and to be sure that he did not raise this issue in a different context, the Court has closely reviewed each of the filings Superintendent DelGrande submitted in support of his motion for summary judgment. (Docs. 102, 117, 132, and 141.) As already mentioned, Superintendent DelGrande acknowledged that Plaintiffs brought an official-capacity § 1983 claim against him in his motion for summary judgment. (Doc. 102, 7.) Superintendent DelGrande even recognized that "[t]o succeed on a municipal liability claim, a plaintiff must demonstrate . . . the deprivation of a constitutional right . . . ." (Doc. 102, 7.) However, despite this recognition, Superintendent DelGrande's motion for summary judgment only argued that he was the not the relevant final policymaker. (*See* Doc. 102, 8–12.) He never mentioned the issue of whether Officer Bartley violated any of S.L.'s constitutional rights—the issue that Superintendent DelGrande now asks this Court to reconsider.

The same occurred in Superintendent DelGrande's reply in support of his motion for summary judgment (Doc. 117). That filing also dealt exclusively with the final policymaker issue—it never raised the issue of whether Officer Bartley violated any of S.L.'s constitutional rights. (*See* Doc. 117.) Finally, as discussed above, in Superintendent DelGrande's reply in support of his supplemental memorandum (Doc.

13

141), he once again failed to raise the issue of whether Officer Bartley violated any of S.L.'s constitutional rights—that filing dealt only with Plaintiffs' state-law claims. (*See* Doc. 141.)

Thus, it is clear that Superintendent DelGrande did not properly raise the issue he now seeks to reargue. And as this Court has already stated several times, "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co.*, 554 U.S at 486 n.5 (*quoting* 11 C. Wright & A. Miller, Federal Practice & Procedure § 2810.1, pp. 127–28 (2nd ed. 1995)); *see also Combs*, 42 F. App'x at 780 (holding that Rule 59(e) is not an opportunity to present new arguments "that could have been raised before the district court's judgment").

### 4. Arguments Incorporated by Reference

To forestall this result, Superintendent DelGrande additionally argues that one particular reference to Officer Bartley's motion for summary judgment was meant to incorporate those arguments into Superintendent DelGrande's own motion for summary judgment. (Doc. 157, 7.) In essence, he is arguing that while he may not have raised the issue of whether Officer Bartley violated S.L.'s constitutional rights himself, he incorporated such arguments by reference. (Doc. 157, 7.) Superintendent DelGrande maintains that this is true based on the following paragraph: "As demonstrated by Officer Bartley's Motion for Summary Judgment (ECF 99), Officer Bartley did not violate any of the Plaintiffs' constitutional rights. Consequently, Superintendent DelGrande cannot be held liable in a supervisory capacity and is entitled to qualified immunity and

14

summary judgment on Plaintiffs' constitutional claims." (Doc. 102, 4.) This argument is not well taken.

Normally when a party wishes to incorporate something by reference, they explicitly state as such. Superintendent DelGrande made no such statement of incorporation here. Instead, he only flatly declared that "Officer Bartley did not violate any of Plaintiffs' constitutional rights," offering as a citation Officer Bartley's motion for summary judgment. For Superintendent DelGrande to now claim that "[t]he reference to ECF 99 was intended to incorporate the arguments made on Officer Bartley's behalf," (Doc. 157, 7) is unsupported by the language he used at the time. The Court cannot accept this after-the-fact justification as correct.

Furthermore, as discussed above, Superintendent DelGrande's reference to Officer Bartley's motion for summary judgment came within an argument in favor of qualified immunity. (Doc. 132, 2–4.) And because qualified immunity is unavailable as a defense to an official-capacity claim, *Graham*, 473 U.S. at 166–67, the Court was correct in not addressing that issue or any of the arguments made under that banner. The last sentence of the paragraph Superintendent DelGrande refers to confirms this result where it contends that he "is entitled to qualified immunity and summary judgment on Plaintiffs' constitutional claims." (Doc. 102, 4.) This confirms the Court's conclusions.

In sum, Plaintiffs are correct where they state that Superintendent DelGrande "did not adequately raise, brief or support the issue when he initially sought summary judgment; a motion for reconsideration is not the avenue to make up for such a deficiency." (Doc. 156, 3.) Because "[a] motion under Rule 59(e) is not an opportunity

to re-argue a case," *Engler*, 146 F.3d at 374, because Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment," *Exxon Shipping Co.*, 554 U.S. at 486 n.5, and because the Court has not made a clear error of law here, Superintendent DelGrande's motion for reconsideration is DENIED.

### III. Conclusion

Based on the foregoing, Superintendent DelGrande's Rule 59(e) Motion for Reconsideration (Doc. 145) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
UNITED STATES DISTRICT JUDGE