UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| S.L., *et al.*, | : | Case No. 1:07-cv-986 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| PIERCE TOWNSHIP BOARD OF TRUSTEES, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING SUPERINTENDENT DELGRANDE'S
SECOND MOTION FOR RECONSIDERATION (Doc. 166) AND SECOND
MOTION FOR SUMMARY JUDGMENT (Doc. 171)**

This civil action is before the Court on Defendant Thomas DelGrande's Second Motion for Reconsideration (Doc. 166) and Second Motion for Summary Judgment (Doc. 171) and the parties' responsive memoranda (Docs. 169, 173, 175, and 176).

**I. BACKGROUND**

On December 4, 2006, Pierce Township Police Officer David Homer ("Officer Homer") arrested Plaintiff S.L., a minor, for alleged aggravated arson and transported him to the Clermont County Juvenile Detention Center ("CCJDC"). (Doc. 93 at 164). Corrections Officer Shawn Bartley ("Officer Bartley") was on-duty at the CCJDC that evening and admitted S.L. into the facility. (Doc. 105 at 14). At this time, the Superintendent of the CCJDC was Defendant Thomas DelGrande ("Superintendent DelGrande") (Doc. 106 at 7), whose motions the Court now addresses.

Officer Homer filled out all the necessary intake forms, including the Complaint and the Offense/Arrest Report. (Doc. 105 at 59-60; Doc. 93 at 192). Having ensured that all of the documents required from Officer Homer were complete, Officer Bartley signed the Complaint in his capacity as deputy clerk of the juvenile court, completed all of the necessary paperwork, including a risk assessment, and booked S.L. into the Detention Center. (Doc. 105 at 22, 57, 113). However, Officer Bartley did not administer an oath to Officer Homer at the time the Complaint was filled out. (*Id*. at 88).

Officer Bartley scheduled S.L. for a preliminary hearing in juvenile court for the following morning. (*Id*. at 90). S.L. having been brought into the Detention Center at approximately 10:00 p.m. on December 4, Officer Bartley scheduled S.L.'s detention hearing for 11:00 a.m. the following morning. Thus, S.L. was detained at the Detention Center for approximately thirteen hours before he was seen by Judge Wyler at the detention hearing. (Doc. 99 at 9).

On December 3, 2007, S.L. filed this putative class action, by and through his guardian and next friend K.L., against various defendants involved in his arrest and detainment, including Officer Homer, Officer Bartley, and Superintendent DelGrande.

## II.  PROCEDURAL POSTURE

Currently, as to Superintendent DelGrande, Plaintiffs maintain a federal claim under 42 U.S.C. § 1983 for deprivation of constitutional rights and a state law claim for negligent supervision/training.

Originally, Officer Bartley and Superintendent DelGrande filed Motions for Summary Judgment on February 12, 2010 (Docs. 99 and 102), whereupon the Court issued its opinion and order granting in part and denying in part the motions.  (Doc. 143).

The Court held that Officer Bartley was entitled to quasi-judicial immunity from Plaintiffs' claims and, as a result, declined to rule on whether Officer Bartley's conduct violated Plaintiff S.L.'s constitutional rights.  (*Id.* at 66).

The Court denied summary judgment to Superintendent DelGrande in his official capacity, holding that the Plaintiffs raised sufficient evidence to avoid summary judgment on their §1983 official capacity claim, and, further, that genuine issues of material fact existed on the state law claim as to whether the training provided to officers was deliberately indifferent to the Plaintiff's constitutional rights.  (*Id.* at 76).

The Court did not determine definitively whether or not Officer Bartley's conduct violated S.L.'s constitutional rights, instead using conditional language ("if this is indeed unconstitutional conduct resulting in unlawful detention…").  (*Id.*)

The Court also denied Superintendent DelGrande's motion for summary judgment on Plaintiffs' state law claim for negligent supervision.  (*Id.* at 80).

Following this decision, Superintendent DelGrande filed a Motion for Reconsideration asserting, *inter alia*, that it was a clear error of law for the Court to deny summary judgment to Superintendent DelGrande without determining whether the evidence in this case supports a finding that a constitutional violation occurred. (Doc. 145). After significant briefing on the subject, including supplemental briefing requested by the Court on the issue of Officer Bartley's alleged violation of S.L.'s constitutional rights (*see* Docs. 145, 148, 151, 154, 156, 157), the Motion for Reconsideration was ultimately denied on September 28, 2011, the Court stating that the issue of whether or not Officer Bartley's conduct violated S.L.'s constitutional rights was not properly raised by Superintendent DelGrande in his original summary judgment motion. (Doc. 160).

In the meantime, Superintendent DelGrande appealed the Court's denial of his claim for immunity from the state law claims. On January 8, 2013, the Court of Appeals for the Sixth Circuit affirmed the judgment of the trial court as it pertains to state law immunity and remanded the case to this Court for further proceedings.[1]

Superintendent DelGrande now moves for reconsideration of this Court's order denying him summary judgment on the federal law claim, and concurrently moves again for summary judgment, on the basis that the determinative legal question of whether or not Officer Bartley violated S.L's constitutional rights has not yet been decided and yet needs to be; hence the second motion for summary judgment.

---

[1] The ruling related to the §1983 official capacity claim was not a final order and therefore was not yet subject to appeal.

Superintendent DelGrande also moves for summary judgment on the federal law claim on the basis that it is barred by the Eleventh Amendment.

Superintendent DelGrande also moves for summary judgment as to the state law claim for alleged negligent supervision on the basis that it fails as a matter of law.

### III. STANDARD OF REVIEW

**A.     Reconsideration**

As the Supreme Court has established, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983). Indeed, "district courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F. 2d 1273, 1282 (6th Cir., 1991) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943)). The general rule regarding the power of a district court to rescind an interlocutory order is that: "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for case seen by it to be sufficient." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 Fed. Appx. 942, 946 (6th Cir. 2004); *see also Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (district courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to re-open any part of the case before final judgment).

B.     **Summary Judgment**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A moving party is entitled to point to a lack of evidence to support the facts its opponent must prove to carry its burden of proof as a basis for summary judgment. *Celotex,* 477 U.S. at 325.

The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Id.* at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson, supra*, 477 U.S. at 248. It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Matsushita, supra*, 475 U.S. at 586). Instead, the nonmoving party must show that "the evidence presents a sufficient disagreement to require submission to a jury."

*Griffin v. Hardrick,* 604 F.3d 949, 953 (6th Cir. 2010) (citing *Anderson, supra*, 477 U.S. at 252-52).

## IV.  ANALYSIS

### A.  Reconsideration

There is no question that a finding that Officer Bartley committed a constitutional violation is a necessary prerequisite that must be established for Plaintiffs to prevail on their official capacity claim against Superintendent DelGrande.  *Weeks v. Portage County Executive Offices*, 235 F.3d 275, 279 (6th Cir. 2000).  And there is also no dispute that this Court has ruled that Officer Bartley is entitled to quasi-judicial immunity but did not reach the issue of whether he committed a constitutional violation.

Accordingly, given that this is an issue that will eventually have to be decided by the Court, consideration of the issue at the summary judgment stage is appropriate in the interests of efficiency, equity, and judicial economy.  Defendant DelGrande's Second Motion for Reconsideration (Doc. 166) is therefore granted.

### B.  Summary Judgment

#### 1.  Federal Law Claim

As Superintendent DelGrande states in his original motion for summary judgment, "[t]o succeed on a municipal liability claim, a plaintiff must demonstrate both: (1) the deprivation of a constitutional right and (2) that the political subdivision is responsible for that violation."  (Doc. 102 at 7-8) (citing *Doe v. Claiborne County*, 103 F.3d 495,

7

505-06 (6th Cir. 1996) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)).

An official capacity suit is treated as a suit against the entity. *Cady v. Arenac County*, 574 F. 3d 334, 342 (6th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). However, government entities cannot be held liable solely for employing a tortfeasor, but rather only when the execution of a government policy or custom is the impetus for a violation of a plaintiff's constitutional rights. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Furthermore, claims against a governmental entity challenging the entity's policies, procedures and training practices cannot stand if the plaintiff's constitutional rights were not violated. *Wilson v. Morgan*, 477 F. 3d 326, 340 (6th Cir. 2007).

Thus, the Sixth Circuit has held that an underlying deprivation of a constitutional right is a threshold prerequisite to municipal liability under §1983. *Weeks*, 235 F. 3d at 279; *Napier v. Madison County, KY*, 238 F. 3d 739, 743 (6th Cir., 2001). Indeed, the Supreme Court has held that if a person suffered no constitutional injury at the hands of the individual, the fact that the departmental regulations might have authorized unconstitutional conduct is "quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Thus, if Officer Bartley did not violate S.L.'s constitutional rights, Plaintiffs' §1983 claim against Superintendent DelGrande must fail.

8

Here, there is no genuine dispute of the facts as they pertain to the interaction between Officer Bartley and Officer Homer and the acceptance of S.L. into the custody of the Clermont County Juvenile Detention Center.

In argument, Plaintiffs assert that S.L.'s Fourth Amendment right to be free from unreasonable seizure was violated by Officer Bartley because Officer Bartley did not conduct an independent probable cause analysis at the time that Officer Homer, the arresting officer, presented S.L. at the detention center for booking.

However, while the Supreme Court has held that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest, the Fourth Amendment does not compel an immediate determination of probable cause upon completing the administrative steps incident to arrest. *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975); *County of Riverside v. McLaughlin*, 500 U.S. 44, 53-54 (1991). As a result, the Supreme Court has held that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *McLaughin*, 500 U.S. at 56. Here, S.L. was given a *Gerstein* probable cause hearing within 13 hours.

Moreover, S.L. was not arrested by Officer Bartley, but rather by Pierce Township Police Officer David Homer. Thus, Officer Bartley's involvement in processing the paperwork was merely the completion of the administrative steps incident to the arrest that was conducted by Officer Homer. And the Supreme Court has clearly stated that a

9

determination of probable cause at the completion of the booking process is not required by the Fourth Amendment. *Gerstein,* 420 U.S. at 114 (1975); *County of Riverside,* 500 U.S. at 53-54 (1991). Thus, as a matter of law (upon the undisputed facts), Officer Bartley did not violate S.L.'s Fourth Amendment rights by not conducting his own independent probable cause determination.

Plaintiffs' assertion that the failure of Officer Bartley to administer an oath at the time that Officer Homer completed the criminal complaint violated S.L.'s constitutional rights also fails. While Officer Bartley, acting in his capacity as a deputy clerk, was required under state law to administer an oath, the Sixth Circuit and additional circuit courts have expressly held that a violation of state law procedural requirements that are not grounded in the Fourth Amendment to the federal constitution does not give rise to a cause of action under §1983. *Pyles v. Raisor*, 60 F. 3d 1211, 1215 (6th Cir. 1995) ("Pyles' rights under Kentucky law, including her right as an alleged misdemeanant to be arrested only when the misdemeanor is committed in the presence of the arresting officer, are not grounded in the federal Constitution and will not support a § 1983 claim"); *see also U.S. v. Laville*, 480 F. 3d 187, 192 (3rd Cir. 2007) ("We made it quite clear that the validity of an arrest under state law must never be confused or conflated with the Fourth Amendment concept of reasonableness").

Here, the alleged violation of state law that the Plaintiffs are claiming has no effect on the analysis of whether Plaintiff's arrest was supported by probable cause and Officer

Bartley did not violate S.L.'s constitutional rights by failing to administer an oath when Officer Homer completed the criminal complaint.

Moreover, the federal claim against Defendant DelGrande is also barred by the Eleventh Amendment. State governments, and their arms, officers and instrumentalities are generally immune from a private lawsuit in federal court. *Mumford v. Basinski*, 105 F. 3d 264, 267 (6th Cir. 1997). Defendant DelGrande, in his official capacity as the superintendent of the Clermont County Juvenile Detention Center, is an arm of the state of Ohio. Likewise, an Ohio common pleas court is also considered an arm of the state for purposes of section 1983 liability and Eleventh Amendment immunity analyses. *Id*. at 269. And here the Clermont County Juvenile Detention Center was created pursuant to R.C. §2151.65 and is operated under the authority of the juvenile court. Thus, as the case law clearly establishes, the Eleventh Amendment bars official capacity claims against officials who operate juvenile detention centers. *Oswald v. Lucas County Juvenile Detention Center*, 234 F. 3d 1269 (Table), 2000 WL 1679507 (6th Cir., October 30, 2000); *see also Winston v. Franklin County*, 2013 WL 684742 (S.D. Ohio, 2013).

Accordingly, Superintendent DelGrande is entitled to entry of summary judgment against Plaintiffs on their purported federal law claim against him.

**2.    State Law Claim**

Plaintiffs' state law claim against Superintendent DelGrande for negligent supervision and training also fails.

The law is clear that the viability of a claim against an employee must be established in order for an employer to be held liable for negligent supervision and negligent training. *Strock v. Pressnell*, 38 Ohio St. 3d 207, 217 (Ohio, 1988). As stated by the Supreme Court of Ohio: "An underlying requirement in actions for negligent supervision and negligent training is that the employee is individually liable or guilty of a claimed wrong against a third person, who then seeks recovery against an employer." *Id.*

In response, Plaintiffs argue that to survive summary judgment they need only present facts that evidence that Officer Bartley is "guilty of a claimed wrong" -- without regard to whether the claim against Bartley would be legally viable. However, this assertion is entirely contrary to the holding of the Supreme Court of Ohio in *Strock*.

In *Strock*, the plaintiff and his wife sought marital counseling from the defendant minister. These counseling sessions ended when the plaintiff learned that the minister had engaged in an adulterous affair with his wife. The plaintiff then filed suit against the minister alleging clergy malpractice, breach of a fiduciary duty, fraud, misrepresentation, nondisclosure and intentional infliction of emotional distress and against the church that employed the minister alleging negligent supervision and negligent training. <u>There was no dispute that the minister was "guilty of a claimed wrong" against the plaintiff</u>, and instead the analysis of whether the church could be held liable hinged upon whether the claims against the minister were viable under Ohio law. The court held that the claims against the minister were barred by R.C. §2305.29 which provides immunity from

amatory suits. Upon ruling that the claims against the minister were barred by the statutory provision contained in R.C. §2305.29, the court affirmed summary judgment for the church, expressly holding that "[b]ecause no action can be maintained against [the minister] in the instant case, it is obvious that any imputed actions against the church are also untenable." *Id*. at 1244.

*Strock* demonstrates that the determination that Officer Bartley is entitled to quasi-judicial immunity from all claims against him also bars the Plaintiff's negligent training and supervision claim against Superintendent DelGrande in his individual capacity. Under Ohio law, where no cause of action may be maintained against the individual employee, a claim against the employer for negligent supervision and negligent training necessarily fails as a matter of law.

Accordingly, summary judgment is also required on Plaintiffs' state law claim against Superintendent DelGrande.

## V.  CONCLUSION

For the reasons stated, Defendant DelGrande's Second Motion for Summary Judgment (Doc. 171) is hereby **GRANTED,** as there are no genuine issues of fact in dispute and DelGrande is entitled to entry of judgment in his favor and against Plaintiffs as to all claims. Accordingly, DelGrande is dismissed as a party to this lawsuit.

**IT IS SO ORDERED.**

Date:  5/17/13                                         *s/ Timothy S. Black*
                                                                 Timothy S. Black
                                                                 United States District Judge

13